# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ISAAC L. FLOWERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:18-cv-00529-JEO |
| | ) |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | ) ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Isaac L. Flowers brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying him Supplemental Social Security ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). (Doc. 11). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

## I. PROCEDURAL HISTORY

Plaintiff filed his applications for SSI and DIB on September 3, 2014, alleging disability beginning August 9, 2013. They were initially denied by an administrative law judge ("ALJ"). (R.13-29).[2] Plaintiff filed a request for review of the ALJ's decision. The Appeals Council ("AC") denied Plaintiff's request for review. (*Id*. at 1-6). The matter is properly before this court.

## II. FACTS

Plaintiff was 46 years old at the time of the ALJ's decision. (*Id*. at 23-24). He has a high school education, receiving a certificate of attendance when he graduated. (*Id*. at 19). He has past work experience as a fork lift operator, truck spotter, and cleaner. (*Id*. at 222, 245). He was involved in an automobile accident on August 9, 2013. (*Id*. at 392-410). He was diagnosed with acute cervicothoracic strain. (*Id*. at 21). He alleges in his initial application for benefits that he could not work due to back and neck pain, bilateral shoulder problems, and foot pain. (*Id*. at 221).

Following Plaintiff's administrative hearing, the ALJ found that he had the medically determinable severe impairments of status post motor vehicle accident;

---

[2]References herein to "R. __" are to the administrative record found at documents 7-1 through 7-10 in the court's record. The page number references are to the page numbers in the lower right-hand corner of each page in the record.

degenerative disc disease; left eye blindness; and obesity. (*Id*. at 18). He also found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. (*Id*. at 19). He further found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with postural, reaching, and environmental limitations. (*Id*. at 19-20). He determined that Plaintiff could not perform his past relevant work but could perform the requirements of representative unskilled occupations such as an assembler, inspector, or hand loader, which were identified by the vocational expert ("VE"). (*Id*. at 23-24). The ALJ concluded that Plaintiff was not disabled. (R. 24).

### III. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Mitchell v. Comm'r Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2015); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). The court must affirm the ALJ's decision if substantial evidence supports it, even if other evidence preponderates against the Commissioner's findings. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990)).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for benefits a claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. §§ 404.1520(b) & 416.920(a)(4). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014).[3] The plaintiff bears the burden of proving that he was disabled within the meaning of the Social Security Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* 20 C.F.R. § 404.704. The applicable "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to

---

[3]Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

perform past relevant work." *Id*.

## V. DISCUSSION

Plaintiff asserts five claims of error: (1) the ALJ failed to accord proper weight to the medical opinion of Dr. William Hartzog as a treating physician; (2) the ALJ failed to order a consultative examination; (3) the ALJ's decision was not based on substantial evidence; (4) the ALJ did not properly consider Plaintiff's complaints concerning the effects of his pain medication; and (5) the ALJ failed to adequately consider Plaintiff's obesity pursuant to SSR 02-01p. (Doc. 12 at 3). Each will be addressed below.

### A.  Assessment of Dr. William Hartzog

Plaintiff initially alleges in conclusory fashion that the ALJ's explanation for "not accepting the opinion" of Dr. Hartzog as a treating physician is not adequate. (Doc. 12 at 18; Doc. 17 at 1-3). The Commissioner responds that "the ALJ properly determined that Dr. Hartzog's opinion was unsupported by his treatment notes and was based merely on Plaintiff's subjective complaints, which are not an adequate basis for an opinion." (Doc. 16 at 7-8). The court agrees with the Commissioner.

Dr. Hartzog completed a Physical Capacities form on October 18, 2016, in which he opined that because of Plaintiff's chronic cervical and lumbar strain, in

an eight hour day, Plaintiff would be lying down for four to five hours and that he would be off task 40 percent of the time; Plaintiff would miss 15 work days in a 30-day period; and the side effects of Plaintiff's medication included drowsiness, dizziness, difficulty focusing, and difficulty concentrating. (R. 22, 418). He also concluded that these limitations existed in September 2012. (*Id.*). He attributed the limitations to chronic cervical/lumbar strain. The ALJ afforded "little weight" to these findings and opinions, stating that they were not supported by Dr. Hartzog's treatment notes and discussion of Plaintiff's subjective complaints. (*Id.* at 22).

In assessing this claim, the court begins with the premise that the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. §§ 404.1512(b)(2), 404.1513(b)(6), 404.1527(d)(2), 404.1545(a)(3), 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive"). Additionally, an ALJ is to consider numerous factors when evaluating a doctor's opinion, including whether the doctor examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's

7

opinion is consistent with the record as a whole, and the doctor's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c) . A treating doctor's opinion generally is entitled to more weight, and an ALJ must give good reasons when explaining the weight given a treating doctor's opinion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

The record establishes that Plaintiff was treated at the Etowah Free Community Clinic, including by Dr. Hartzog, on a number of occasions. On August 4, 2016, Plaintiff was treated for complaints of joint pain all over. (R. 21, 389). Plaintiff reported that his pain was related to his motor vehicle accident and he was diagnosed with chronic pain after motor vehicle accident. (*Id*.) On August 8, 2016, Dr. Hartzog noted during his evaluation of Plaintiff that there were no sensory or motor deficits. He documented positive straight leg raises, and diagnosed Plaintiff with mechanical chronic back pain with a probable degenerative disc component. (*Id*. at 388). On September 6, 2016, Dr. Hartzog documented Plaintiff's complaints of chronic back pain, but did not document positive findings during his physical exam. He recommended that Plaintiff complete home exercises. (*Id*. at 387). On October 18, 2016, Dr. Hartzog again documented Plaintiff's subjective complaints of pain (8/10), but while the

8

physical exam showed some limited flexion and positive straight leg raises, it also revealed pedal pulses, signs of adequate circulation, and no gross motor deficits. (*Id*. at 420). On December 5, 2016, Plaintiff's physical exam was normal, with normal deep tendon reflexes and negative straight leg raising. (*Id*. at 421). On January 24, 2017, Dr. Hartzog documented negative straight leg raises and no sensory or motor deficits, despite Plaintiff's complaints of chronic pain and radiculopathy. (*Id*. at 423).

While the ALJ's explanation for attributing limited weight to Dr. Hartzog's opinion is terse, it is correct and adequate for a number of reasons. First, the foregoing summary of Plaintiff's medical records from the Clinic do not support Dr. Hartzog's conclusions. They do not support the debilitating assessment opined by Dr. Hartzog. There is no evidence that the conditions date back to September 2012 as he opines. Second, Plaintiff has not identified any specific evidence the ALJ has failed to consider or that supports Dr. Hartzog's conclusions. To the extent that Plaintiff argues in his reply brief that "[t]his case represents a growing number of denials because the ALJ rejects the opinions of the treating physicians without good cause," the court disagrees. (Doc. 17 at 3). Every case requires individualized consideration. Here, there is good cause to find that the opinion of the treating physician is due little weight.

## B. Need for a Consultative Examination

Plaintiff next argues that the ALJ should have ordered an IQ test to determine if he met the listing for an "Intellectual Disorder" under Listing 12.05. (Doc. 12 at 19). The Commissioner responds that no additional inquiry was necessary before deciding that Plaintiff was not disabled. (Doc. 16 at 10).

It is well-established that an ALJ "has a basic obligation to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).

> In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to obtain additional information by ordering a consultative examination unless the record establishes that such an examination is necessary to enable an ALJ to render an informed decision. *Ingram v. Commissioner of Soc. Sec. Admin*, 496 F.3d 1253, 1269 (11th Cir. 2007); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999); *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). The regulations also provide that the ALJ may order a consultative examination when warranted. *See* 20 C.F.R. § 416.917. "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted).

*Mosley v. Colvin*, 2015 WL 5877847, *3 (S.D. Ga. Sep. 9, 2015). "However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham*, 129 F.3d at

1423 (internal quotation marks omitted). In determining whether to remand a case for further development, "[t]he court should be guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id*. (internal quotation marks omitted); *see, e.g.*, *Smith v. Commissioner of Social Security*, 501 F. App'x 875, 878–79 (11th Cir. 2012) (finding that an ALJ's failure to order a consultative psychological evaluation was not error because the record did not reveal an evidentiary gap that prejudiced the plaintiff).

Plaintiff's claim in this case is without merit for multiple reasons. First, Plaintiff has failed to show any evidentiary gaps that resulted in unfairness or clear prejudice. *Graham*, 129 F.3d at 1423. Plaintiff did not even allege a mental impairment, including intellectual disability or borderline intellectual functioning, as a basis for disability . (*See* R. 32-44, 221, 237-244). He did not allege any mental limitations. (*Id*. at 242). *See Mosley v. Acting Comm'r of Soc. Sec. Admin.*, 633 F. App'x 739 (11th Cir. 2015) (noting that Plaintiff failed to assert any intellectual or mental impairment that would prevent her from working); *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (ALJ not required to address condition when the claimant did not allege disability due to the condition either in application paperwork or at hearing). Plaintiff does not point to any precise evidentiary gaps that a consultative examination would fill. He offers no support

11

for the proposition that a consultative exam was necessary for the ALJ to make an informed decision on his claim for benefits.

Second, the overall record fails to demonstrate a need for a consultative examination. While it is undisputed that Plaintiff attended special education classes from the second grade and that he got a certificate of attendance when he graduated, the record otherwise does not support a finding that a mental consultative examination was necessary. For instance, Plaintiff's hobbies included reading (R. 241) and his past relevant work includes semi-skilled work (*id*. 45), including as a forklift operator, truck spotter, and cleaner (*id*. at 23). This more recent history does not suggest any sort of mental impairment or intellectual disability warranting a consultative evaluation. Additionally, the record does not include any mental health, school, or IQ testing records suggesting that a consultative examination was necessary.

Third, the ALJ imposed various RFC limitations to accommodate any potential for any mental impairment, including borderline intellectual functioning. Specifically, he limited the RFC limitations to include understanding and remembering short and simple instructions; simple, routine, repetitive tasks; well-explained changes in the workplace, introduced occasionally and gradually; no

reading instructions or writing reports; and no mathematical calculations. (R. 19-20).

Fourth, Plaintiff's claim is speculate. Specifically, he posits nothing showing that a consultative examination will produce evidence to support his claim. This is insufficient to warrant a remand of this matter. *See McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) (stating "[a] claimant cannot show prejudice by speculating that she would have benefitted from a more comprehensive hearing"); *Joint v. Colvin*, No. 8:14-CV-3192-T-TGW, 2016 WL 7406693, at *5 (M.D. Fla. Mar. 2016) (finding that "the plaintiff has not shown that additional intelligence testing was necessary for the law judge to make an informed decision. Rather, the plaintiff seeks more evidence in the hope that it would be more favorable to her claim than the current evidence of record. That circumstance, however, does not require the defendant to order an updated consultative examination or additional intelligence testing."); *Hadley v. Comm'r of Soc. Sec.*, No. 5:13-cv-593-Oc-18PRL, 2015 WL 327512, at *6 (M.D. Fla. Jan. 23, 2015) ("Plaintiff's unsupported allegations are not a sufficient basis for finding that a consultative examination was necessary.").

## C. Substantial Evidence

Plaintiff next asserts that substantial evidence does not support the RFC determination of the ALJ because he disregarded the opinions of Plaintiff's "treating orthopedist" and "[e]xamining physician." (Doc. 12 at 20). Additionally, he argues that the ALJ relied on vocation expert testimony that "was not based on a correct or full statement of [Plaintiff's] limitations and impairments." (*Id.*) The Commissioner responds that that substantial evidence supports the ALJ's RFC assessment. (Doc. 16-14).

With regard to the contention that the ALJ disregarded the opinions of the treating and examining physician, the court has already addressed the merits of that claim. To the extent that Plaintiff is arguing that the ALJ was required to rely on Dr. Hartzog's opinion as being determinative of his RFC, he is incorrect. It is the responsibility of the ALJ to assess a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," and not simply on a physician's opinion. 20 C.F.R. §§ 404.1546(a)(1), 416.945(a)(1). While a doctor may provide an opinion regarding what a claimant can still do, that opinion is different from an ALJ's assessment of an individual's RFC. *See* 20 C.F.R. §§ 404.1513(b), (c), 404.1545, 404.1546(c), 416.913(b), (c), 416.945, 416.946(c); SSR 96-5p; *see also* 65 Fed. Reg. 11,866, 11,869 (Mar. 7, 2000) (discussing difference between a

medical source statement about what a claimant can still do and an RFC assessment). Here, the ALJ properly assessed Plaintiff's FRC and that assessment is supported by the record.

With regard to Plaintiff's contention that the ALJ should not have relied upon the VE's testimony because it did not include all of his limitations, the court is not impressed. Under the circumstances, the ALJ properly excluded Dr. Hartzog's opinions from the hypothetical questions addressed to the VE because they were not supported by the record. *See Crawford*, 363 F.3d at 1161 (noting that "the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."). Plaintiff has failed to show otherwise.

### D. Allegations of Side Effects From Plaintiff's Medications

Plaintiff's initial brief, at best, makes a conclusory argument that the ALJ failed to evaluate the side effects of his medications. (Doc. 12 at 22-24). He offers no specifics in support of this argument. When counsel for the Commissioner calls him on this failure, Plaintiff replies that "Dr. Hartzog explained that the 'side effect[s] of meds are drowsiness/dizziness/difficulty focusing [and] concentrating'" (Doc. 17 at 5 (citing Ex. 19F, R-4[18])." He further states that "Dr. Warren also stated that [s]ide effects are drowsiness, heartburn." (*Id.* (citing 17F, R. 414-17)).

The court has reviewed Plaintiff's medical records. They do not evidence that he experienced any side effects from his medications or that he even complained about such. (*See* R. 297-99 (Dec. 31, 2008); 308-09 (Sep. 10, 2013); 371-73 (Oct. 18, 2014); 387-90 (Aug. 4, 2016-Sep. 6, 2016); 414-16 (Feb. 9, 2017); 420-23 (Oct. 18, 2016-Jan. 24, 2017)). Thus, it was reasonable for the ALJ to give little weight to Dr. Hartzog's opinion to the extent it can be interpreted to state that Plaintiff had medication side effects and to the extent that Dr. Warren's opinion can be interpreted to state that Plaintiff's medications would cause him heartburn and drowsiness. Additionally, there is no evidence that they impacted his ability to work with the limitations imposed by the ALJ.

Additionally, Plaintiff did not complain at his administrative hearing that he was experiencing any side effects from his medications. When specifically asked about side effects from medications, he stated that they were not as effective as hoped. (R. 41 ("they make me feel a little better sometimes but not … like it should")). Thus, this evidence does not impact the ALJ's determinations in this case. This claim is without merit.

### E. Consideration of Plaintiff's Obesity in Assessing His RFC

Plaintiff's last claim asserts that that the ALJ failed to give his obesity proper consideration under SSR 02-01p[4] (Evaluation of Obesity). (Doc. 12 at 25-26). Specifically, he argues that the ALJ did "not adequately explain how [his] gross weight would affect [his] ability to function in a work setting." (*Id*. at 25; Doc. 17 at 5-6). The Commissioner responds that the ALJ properly evaluated Plaintiff's obesity in accordance with the applicable regulation. (Doc. 16 at 18).

The court begins with the undisputed fact that Plaintiff's BMI on November 23, 2015, was 58.5, placing him in the extreme obesity range. Accordingly, SSR 02-1p requires that the ALJ consider his obesity along with his other impairments because it can cause further degradation of Plaintiff's physical capacity, especially in the presence of certain other impairments. (*Id.* at 57861-62).

Here, the ALJ determined that Plaintiff's severe impairments included obesity, which the ALJ considered singly and in combination with Plaintiff's other impairments. (R. 19-20). *See Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (finding that it was clear that the ALJ considered the combination issue); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 952 (11th Cir. Jul. 24, 2014) (stating that "[w]here an applicant has multiple

---

[4] 67 FR 57859-02, 2002 WL 31026506 (2002).

impairments, the ALJ considers the combined effect of all impairments without regard to whether any individual impairment would demonstrate disability). The ALJ properly considered the evidence related to Plaintiff's obesity in assessing his RFC. (R. 19-22). Specifically, he noted Plaintiff's extreme obesity and found that it was a severe impairment and that it limited him to sedentary work, along with postural, reaching, and environmental limitations. (*Id*. at 18-22). This is all he is required to do.

Plaintiff has failed to show that his obesity, individually or in combination with his other impairments, imposed additional limitations on his ability to work or prevented him from performing the jobs identified by the VE and determined by ALJ. He has failed to demonstrate what the ALJ failed to do with any specificity. Thus, the court finds this conclusory claim to be without merit.[5]

## VI. CONCLUSION

For the reasons set forth above, the undersigned concludes that the decision of the Commissioner is due to be affirmed. An appropriate order will be entered separately.

---

[5] Plaintiff's reliance on *Early v. Astrue*¸ 481 F. Supp. 2d 1233, 1239-40 (N.D. Ala. 2007), is misplaced. In that case, unlike the present one, the ALJ failed to consider obesity as a factor in determining the plaintiff's RFC.

**DONE,** this the 13th day of June, 2019.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge